UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Antrown Applesricio Irby, | ) C/A No. 9:14-4557-MGL-BM |
| | ) |
| Petitioner, | ) |
| | ) REPORT AND RECOMMENDATION |
| vs. | ) |
| | ) |
| Warden Leroy Cartledge, | ) |
| | ) |
| Respondent. | ) |

Antrown Applesricio Irby (Petitioner), a state prisoner in the McCormick Correctional Institution of the South Carolina Department of Corrections, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2011 convictions for assault and battery with intent to kill (ABWIK), armed robbery, and possession of methamphetamine or crack cocaine. See Petition, ECF No. 1 at 1.

Under established local procedure in this judicial district, a careful review has been made of the pro se petition filed in the above-captioned case pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (AEDPA), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se petitions are also held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)); Gordon v. Leeke, 574 F.2d



1147, 1151 (4th Cir. 1978) (citing Rice v. Olson, 324 U.S. 786, 791–92 (1945); Holiday v. Johnston, 313 U.S. 342, 350 (1941)).

Nonetheless, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Such is the case here.

## Discussion

With respect to his conviction and sentence, a petitioner's sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, which can be sought only after the petitioner has exhausted his state court remedies. See 28 U.S.C. § 2254(b); Picard v. Connor, 404 U.S. 270 (1971); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973)(exhaustion required under 28 U.S.C. § 2241). Further, subsection (d) of § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by



> the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Petitioner pled guilty to ABWIK, armed robbery, and possession of methamphetamine or crack cocaine in Spartanburg County, South Carolina, and on February 24, 2011 received sentences of 15 years (ABWIK), 15 years (armed robbery), and 3 years (possession of methamphetamine or crack cocaine). ECF No. 1 at 1. Petitioner answered "N/A" to the question of whether he appealed from the judgment of conviction. Id. at 2. Records from Spartanburg County do not show a direct appeal of any of these convictions. See Spartanburg County Public Index, http://publicindex.sccourts.org/Spartanburg/PublicIndex/CaseDetails.aspx?County=42&CourtAgency=42001&Casenum=M111314&CaseType=C (last visited Jan. 12, 2015)[ABWIK]; http://publicindex.sccourts.org/Spartanburg/PublicIndex/CaseDetails.aspx?County=42&CourtAgency=42001&Casenum=M111315&CaseType=C (last visited Jan. 12, 2015)[armed robbery]; http://publicindex.sccourts.org/Spartanburg/PublicIndex/CaseDetails.aspx?County=42&CourtAgency=42001&Casenum=M086818&CaseType=C (last visited Jan. 12, 2015)[possession of methamphetamine or crack cocaine].[1]  On January 25, 2012, Petitioner filed an application for post

---

[1] The Court may take judicial notice of factual information located in postings on government web sites. See Tisdale v. South Carolina Highway Patrol, C/A No. 0:09–1009–HFF–PJG, 2009 WL 1491409, *1 n. 1 (D.S.C. May 27, 2009), aff'd 347 F. App'x 965 (4th Cir. Aug. 27, 2009); In re Katrina Canal Breaches Consolidated Litigation, No. 05–4182, 2008 WL 4185869 at * 2 (E.D.La. (continued...)

3



conviction relief (PCR) in Spartanburg County, which he states was denied on April 2, 2013. ECF No. 1 at 3.  Petitioner appealed the denial of his PCR action to the South Carolina Supreme Court, which dismissed the appeal and issued a remittitutur on August 15, 2014.² See Spartanburg County Public Index, http://publicindex.sccourts.org/Spartanburg/PublicIndex/CaseDetails.aspx?County=42&CourtAgency=42002&Casenum=2012CP4200348&CaseType=V (last visited Jan. 12, 2015).

Because Petitioner did not file a direct appeal of his conviction, his conviction became final on March 7, 2011, ten days after his adjudication of guilt.³  The one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not after collateral review is completed.  28 U.S.C. § 2244(d)(1)(A); see Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000).  In South Carolina, a defendant must file a notice of appeal within ten days of his conviction.  Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt.  See Crawley v. Catoe, 257 F.3d 395, 398 (4th Cir. 2001).  Accordingly, Petitioner's limitations period began to run on March 7, 2011, and expired on March 6, 2012, unless the period was at any time tolled due to any properly filed state PCR application.  28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438–39 (4th Cir. 2000) [applying the anniversary date method in calculating the one-year limitations period in

---

¹(...continued)
September 8, 2008)[noting that courts may take judicial notice of governmental websites including other courts' records]; Williams v. Long, 585 F.Supp.2d 679, 687–88 (D.Md. 2008) [noting that some courts have found postings on government web sites as inherently authentic or self-authenticating].

²Petitioner states that the Supreme Court of South Carolina denied his appeal on July 24, 2014.  See ECF No. 1 at 4.

³March 6, 2010 was a Sunday.

4



§ 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled"].

Petitioner did not file his state PCR application until January 25, 2012. See Petition, ECF No. 1 at 3. By that point, 324 days of non-tolled time had accrued since the period of limitations began to run. The period of limitations was then tolled during the pendency of the PCR action until August 15, 2014, at the latest, when the South Carolina Supreme Court issued the remittitur from its order denying Petitioner's petition for a writ of certiorari. At that time, Petitioner had at the most approximately 41 days of statutory time remaining, which means that Petitioner had at the most until September 25, 2014, to file a timely federal habeas corpus petition. Petitioner did not submit his Petition to prison officials for mailing until November 25, 2014.[4] See ECF No. 1 at 14, 16. (Petition signed on November 25, 2014).

The United States Supreme Court has acknowledged that district courts are "permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition." Day v. McDonough, 547 U.S. 198, 209 (2006); see also Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655 (4th Cir. 2006)[carving out habeas corpus petitions and in forma pauperis complaints as narrow circumstances to permit sua sponte consideration of statute of limitations when defense is clear on face of petition or complaint]. However, "before acting on its own initiative, a court must

---

[4]Although this action was not filed in this Court until December 2, 2014, as Petitioner is a prisoner he is given the benefit of the holding in Houston v. Lack, 487 U.S. 266 (1988)[prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court] in the event that a limitations issue arises. In his Petition, Petitioner declared that he placed his Petition in the prison mailing system on July 30, 2014. However, he did not execute (sign) his Petition until November 25, 2014. ECF No. 1 at 14. Additionally, Petitioner submitted a "Proof of Service" in which he stated that he placed his "2254" (Petition) in the "McC.I." (McCormick Correctional Institution) mail room on November 25, 2014. Id. at 16.



accord the parties fair notice and an opportunity to present their positions." Id. Similarly, the United States Court of Appeals for the Fourth Circuit has mandated caution in sua sponte dismissals of untimely petitions under the AEDPA:

> [W]hen a federal habeas court, acting *sua sponte*, dismisses a § 2254 action as untimely without notice to or input from the petitioner, the court cannot be certain that there are no circumstances that would cause the petition to be timely. The district court ought at least to inquire whether there are any facts not apparent to the court that militate against the application of the limitations bar.

McMillan v. Jarvis, 332 F.3d 244, 249 (4th Cir. 2003); Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

Here, the standard habeas petition form (AO-241) requests information in question number 18 pertaining to the timeliness of the petition, as follows: "If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition." The footnote to the question provides the text of § 2244(d). Petitioner failed to answer question 18, instead striking an "X" through the question. ECF No. 1 at 13. Nonetheless, in order to provide the "fair notice" required by Day, McMillan, and Hill, Petitioner was given the opportunity, by order dated December 4, 2014, to show cause why his case should not be dismissed on timeliness grounds. Petitioner was specifically informed that the Court was considering dismissal of his case based on the one-year statute of limitations and given an opportunity to provide facts concerning the issue of timeliness of his Petition that would cast doubt on whether this action should be dismissed based on the limitations bar. Proper Form Order and Order to Show Cause, ECF No. 5 at 3-4. Petitioner failed to file any



response to the order to show cause,[5] and has not provided this Court with any information sufficient to support an equitable tolling of the limitations period.[6]

## **Recommendation**

Based on the foregoing, it is recommended that the instant Petition for a Writ of Habeas Corpus be summarily dismissed without prejudice and without requiring Respondent to file a return.  See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006) [district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent].

Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

January 14, 2015
Charleston, South Carolina

---

[5]He did file an application to proceed in forma pauperis (ECF No. 8) in response to the proper form part of the order.

[6]As noted in the show cause order, Petitioner could be entitled to equitable tolling of the statute of limitations if he were to present facts of "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003).

7



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>see</u> Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

