

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| ANTROWN APPLESRICIO IRBY, § | | |
| Petitioner, § | | |
| § | | |
| vs. § | CIVIL ACTION NO. 9:14-4557-MGL | |
| § | | |
| § | | |
| WARDEN LEROY CARTLEDGE, § | | |
| Respondent. § | | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND SUMMARILY DISMISSING THE COMPLAINT WITHOUT PREJUDICE

This case was filed as a 28 U.S.C. § 2254 action. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the Petition for a Writ of Habeas Corpus be summarily dismissed without prejudice and without requiring Respondent to file a return. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 15, 2015, but Petitioner failed to file any objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo

review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report to the extent that it does not contradict this Order,[*] and incorporates it herein. Therefore, it is the judgment of this Court that the Petition be summarily **DISMISSED WITHOUT PREJUDICE** and without requiring Respondent to file a return.

**IT IS SO ORDERED**.

Signed this 29th day of June, 2015, in Columbia, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[*]In the Report, while discussing the tolling provisions of 28 U.S.C. § 2244(d)(2), the Magistrate Judge states that "[t]he period of limitations was then tolled during the pendency of the PCR action until August 15, 2014, at the latest, when the South Carolina Supreme Court issued the remittitur from its order denying Petitioner's petition for a writ of certiorari." Report 4. From the Court's review of the records of Spartanburg County, however, August 15, 2014, is actually the date that the remittitur was filed in state court. *See* http://publicindex.sccourts.org/Spartanburg/PublicIndex/CaseDetails.aspx?County=42&CourtAgency=42002&Casenum=2012CP4200348&CaseType=V (click "Actions") (last visited June 29, 2015). Therefore, the scrivener's error in the Report is of no consequence. *See Beatty v. Rawski*, Civil Action No.1:13–3045–MGL–SVH, 2015 WL 1518083 at *4 (D.S.C. March 31, 2015) (holding that, in South Carolina, "the final disposition of an appeal does not occur until after the remittitur is filed in the circuit court[.]").